# EXHIBIT A

IN THE COURT OF COMMON PLEAS
OF LACKAWANNA COUNTY, PENNSYLVANIA
CIVIL ACTION – LAW

Khalid Fuller                              :
33 Robinhood Drive                         :
Etters, PA 17319                           :
           Plaintiff              :
v.                                         :
Resurgent Capital Services, L.P.           :
C/O Corporate Service Company              :
251 Little Falls Drive                     : .
New Castle, De 19808                       :
And                                        :
LVNV Funding, LLC                          :
C/O Corporate Service Company              :
251 Little Falls Drive                     :
New Castle, De 19808                       :    Jury Trial Demanded
           Defendants             :

22 cv 619

**PRAECIPE TO ISSUE WRIT OF SUMMONS**

To: The Prothonotary:

Kindly issue a WRIT OF SUMMONS against the above captioned Defendants. Thank you.


_____                    02/08/2022
Shane Weaver, Esquire                               Date
Attorney for Plaintiff
33 Robinhood Drive
Etters, PA  17319
717-938-5001
sweaver@shaneweaverlaw.com
Fax: 484-690-4937

IN THE COURT OF COMMON PLEAS
OF LACKAWANNA COUNTY, PENNSYLVANIA
CIVIL ACTION – LAW

Khalid Fuller                                    :
33 Robinhood Drive                               :
Etters, PA 17319                                 :
                 Plaintiff        :
    v.                                           :
Resurgent Capital Services, L.P.                  :
C/O Corporate Service Company                    :
251 Little Falls Drive                           :
New Castle, De 19808                             :
And                                              :
LVNV Funding, LLC                                :
C/O Corporate Service Company                    :
251 Little Falls Drive                           :       Jury Trial Demanded
New Castle, De 19808                             :
              Defendants        :

## WRIT OF SUMMONS

TO:   Resurgent Capital Services, L.P.
       C/O Corporate Service Company
       251 Little Falls Drive
       New Castle, De 19808
       And
       LVNV Funding, LLC
       C/O Corporate Service Company
       251 Little Falls Drive
       New Castle, De 19808

You are notified that Jerome Wisler has commenced an action against you.

*Marie B. Kelly*

SEAL OF
THE
COURT FEB 1 1 2022

                Prothonotary         Date

                By _____

IN THE COURT OF COMMON PLEAS
OF LACKAWANNA COUNTY, PENNSYLVANIA
CIVIL ACTION – LAW

MAURI B. KELLY
LACKAWANNA COUNTY

2022 FEB 11  P 1: 38

CLERKS OF JUDICIAL
RECORDS CIVIL DIVISION

|  |  |
|---|---|
| Khalid Fuller | : |
| 33 Robinhood Drive | : |
| Etters, PA 17319 | : |
|       Plaintiff | : |
| v. | : |
| Resurgent Capital Services, L.P. | : |
| C/O Corporate Service Company | : |
| 251 Little Falls Drive | : |
| New Castle, De 19808 | : |
| And | : |
| LVNV Funding, LLC | : |
| C/O Corporate Service Company | : |
| 251 Little Falls Drive | : Jury Trial Demanded |
| New Castle, De 19808 | : |
|       Defendants | : |

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Shane Weaver

02/08/2022

_____          _____
Shane Weaver, Esquire                                      Date
Attorney for Plaintiff
33 Robinhood Drive
Etters, PA  17319
717-938-5001
sweaver@shaneweaverlaw.com
Fax: 484-690-4937

IN THE COURT OF COMMON PLEAS
OF LACKAWANNA COUNTY, PENNSYLVANIA
CIVIL ACTION – LAW

|  |  |  |
|---|---|---|
| Khalid Fuller | : | |
| 33 Robinhood Drive | : | |
| Etters, PA 17319 | : | |
| Plaintiff | : | |
| v. | : | |
| Resurgent Capital Services, L.P. | : | |
| C/O Corporate Service Company | : | |
| 251 Little Falls Drive | : | |
| New Castle, De 19808 | : | |
| And | : | |
| LVNV Funding, LLC | : | |
| C/O Corporate Service Company | : | |
| 251 Little Falls Drive | : | Jury Trial Demanded |
| New Castle, De 19808 | : | |
| Defendants | : | |

**PRAECIPE TO PROCEED IN FORMA PAUPERIS PURSUANT TO
PENNSYLVANIA RULE OF CIVIL PROCEDURE 240**

To: The Prothonotary:

Kindly waive the filing fee in the above captioned matter. Counsel has agreed to provide legal services to the Plaintiff at no up-front charge to Plaintiff. No funds have been paid by the Plaintiff to counsel in the above captioned matter. Fees shall be charged to the Defendant after the litigation is completed due to the fee shifting provisions of 15 USC 1692 et. Seq.

Shane Weaver, Esquire                                    02/08/2022
_____                          _____
Attorney for Plaintiff                                          Date
33 Robinhood Drive
Etters, PA 17319
717-938-5001
sweaver@shaneweaverlaw.com
Fax: 484-690-4937

IN THE COURT OF COMMON PLEAS
OF LACKAWANNA COUNTY, PENNSYLVANIA
CIVIL ACTION – LAW

MAURI B. KELLY
LACKAWANNA COUNTY

2022 FEB 11 P 1: 39

CLERKS OF JUDICIAL
RECORDS CIVIL DIVISION

| | |
|---|---|
| Khalid Fuller<br>33 Robinhood Drive<br>Etters, PA 17319 | :<br>:<br>: |
|           Plaintiff | : |
| v. | : |
| Resurgent Capital Services, L.P.<br>C/O Corporate Service Company<br>251 Little Falls Drive<br>New Castle, De 19808<br>And<br>LVNV Funding, LLC<br>C/O Corporate Service Company<br>251 Little Falls Drive<br>New Castle, De 19808 | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |
|           Defendants | : |

22CV619

Jury Trial Demanded

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

_Shane Weaver_                                                                02/08/2022

_____                                                _____
Shane Weaver, Esquire                                                              Date
Attorney for Plaintiff
33 Robinhood Drive
Etters, PA 17319
717-938-5001
sweaver@shaneweaverlaw.com
Fax: 484-690-4937

IN THE COURT OF COMMON PLEAS OF LACKAWANNA COUNTY,
PENNSYLVANIA CIVIL ACTION – LAW

| | | |
|---|---|---|
| KHALID FULLER | : | |
| C/O SHANE WEAVER LAW, LLC | : | |
| 33 ROBINHOOD DRIVE | : | |
| ETTERS, PA 17319 | : | |
| PLAINTIFF | : | |
| | : | |
| V. | : | |
| RESURGENT CAPITAL SERVICES, L.P. | : | JURY TRIAL DEMANDED |
| C/O MESSER, STRICKLER BURNETTE, LP | : | |
| LAUREN M. BURNETTE, ESQ | : | |
| 12276 SAN JOSE BLVD., SUITE 718 | : | 2022-CV-619 |
| JACKSONVILLE, FL 32223 | : | |
| AND | : | |
| LVNV FUNDING, LLC | : | |
| C/O MESSER, STRICKLER BURNETTE, LP | : | |
| LAUREN M. BURNETTE, ESQ | : | |
| 12276 SAN JOSE BLVD., SUITE 718 | : | |
| JACKSONVILLE, FL 32223 | : | |
| DEFENDANTS | : | |

## PRAECIPE TO FILE COMPLAINT

To the Prothonotary of the Said court

Kindly file the included Complaint in the above captioned matter of record

05/3/2022

Date: _____

SHANE L. WEAVER, ESQ.
ID#206486
33 Robin Hood Drive
Etters, PA 17319
717-938-5001
compliance@shaneweaverlaw.com
Attorney for Plaintiff

IN THE COURT OF COMMON PLEAS OF LACKAWANNA COUNTY,
PENNSYLVANIA CIVIL ACTION – LAW

| | | |
|---|---|---|
| KHALID FULLER | : | |
| C/O SHANE WEAVER LAW, LLC | : | |
| 33 ROBINHOOD DRIVE | : | |
| ETTERS, PA 17319 | : | |
|      PLAINTIFF | : | |
| | : | |
| V. | : | |
| RESURGENT CAPITAL SERVICES, L.P. | : | JURY TRIAL DEMANDED |
| C/O MESSER, STRICKLER BURNETTE, LP | : | |
| LAUREN M. BURNETTE, ESQ | : | |
| 12276 SAN JOSE BLVD., SUITE 718 | : | 2022-CV-619 |
| JACKSONVILLE, FL 32223 | : | |
| AND | : | |
| LVNV FUNDING, LLC | : | |
| C/O MESSER, STRICKLER BURNETTE, LP | : | |
| LAUREN M. BURNETTE, ESQ | : | |
| 12276 SAN JOSE BLVD., SUITE 718 | : | |
| JACKSONVILLE, FL 32223 | : | |
|      DEFENDANTS | : | |

**NOTICE TO DEFEND**

You have been sued in Court If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THESE PAPERS TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

LAWYER REFERRAL SERVICE

LACKAWANNA COUNTY BAR ASSOCIATION

233 PENN AVENUE

SCRANTON, PA 18503

570-969-9600

## **AVISO**

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

Lleve esta demanda a un abogado immediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio. Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.

LAWYER REFERRAL SERVICE

LACKAWANNA COUNTY BAR ASSOCIATION

233 PENN AVENUE

SCRANTON, PA 18503

570-969-9600

IN THE COURT OF COMMON PLEAS OF LACKAWANNA COUNTY,
PENNSYLVANIA CIVIL ACTION – LAW

| | | |
|---|---|---|
| KHALID FULLER | : | |
| C/O SHANE WEAVER LAW, LLC | : | |
| 33 ROBINHOOD DRIVE | : | |
| ETTERS, PA 17319 | : | |
|         PLAINTIFF | : | |
| | : | |
| V. | : | |
| RESURGENT CAPITAL SERVICES, L.P. | : | JURY TRIAL DEMANDED |
| C/O MESSER, STRICKLER BURNETTE, LP | : | |
| LAUREN M. BURNETTE, ESQ | : | |
| 12276 SAN JOSE BLVD., SUITE 718 | : | 2022-CV-619 |
| JACKSONVILLE, FL 32223 | : | |
| AND | : | |
| LVNV FUNDING, LLC | : | |
| C/O MESSER, STRICKLER BURNETTE, LP | : | |
| LAUREN M. BURNETTE, ESQ | : | |
| 12276 SAN JOSE BLVD., SUITE 718 | : | |
| JACKSONVILLE, FL 32223 | : | |
|         DEFENDANTS | : | |

## **COMPLAINT**

1. This is an action brought by an individual consumer for Defendants(s)'s violation of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq. (hereinafter "FDCPA").

2. Plaintiff is Khalid Fuller, an adult individual, resident of Olyphant, Pennsylvania with an address of C/O Shane Weaver Law, LLC, 33 Robin Hood Drive, Etters, PA. 17319.

3. Defendants are LVNV  Funding LLC (hereinafter "LVNV"), a business entity whose principal place of business address is 6801 S. Cimarron Road, Suite 424-J, Las Vegas, NV 89113, and Resurgent Capital Services, L.P. (hereinafter "RCS"), a business entity whose principal place of business address is 55 Beattie Pl., STE 110, Greenville, SC 29601.

4.  LVNV is a  "debt collector," as defined by 15 U.S.C. 1692a(6).

5.  Defendants regularly conduct business in this jurisdiction and avail themselves of the benefits of this jurisdiction.

6.  Plaintiff is a key witness and is located in this jurisdiction.

7.  Upon information and belief, similarly situated consumers who may be witnesses in this case are located in this jurisdiction.

8.  A substantial portion of the transaction(s), occurrence(s), act(s), or omission(s) took place in this jurisdiction.

9.  This Court has jurisdiction under 15 U.S.C. § 1692K(d) and 42 Pa. § 931(a).

10. Venue is proper before this court under 42 Pa. § 931(c) as a substantial part of the events giving rise to Plaintiff's claims occurred in this jurisdiction.

11. On April 29, 2021, LVNV filed a complaint against Plaintiff in Magisterial District Court 45-1-08, alleging that Plaintiff was in breach of a consumer credit card agreement.  A true and complete copy of the magisterial district court docket is attached hereto as Exhibit "**A**" and incorporated by reference throughout.

12. Subsequently, Plaintiff hired Shane Weaver Law to represent him in the action before the Magisterial District Court.

13. The offices of Shane Weaver Law entered their appearance and intent to defend in this matter on May 12, 2021.

14. On May 27, 2021, counsel received a letter from RCS concerning the status of the debt and request for payment. On June 23, 2021, LVNV withdrew the above referenced matter.  Plaintiff was promptly informed of the letter.  Attached hereto is a copy of the May 27, 2021 letter as Exhibit "**B**" and incorporated by reference throughout.

15. The May 27, 2021, letter specifically state that, "This is an attempt to collect a debt and any information obtained will be used for that purpose.  This communication is from a debt collector."

**COUNT ONE:  Violation of Fair Debt Collection Practices Act (FDCPA)**
**(15 USC 1692c et. seq.)**
**Unauthorized Disclosure to Third Party Letter Vendor**

**"Hunstein Violation"**

16. The previous Paragraphs of this complaint are incorporated by reference.

17. Plaintiff is a natural person who at all times relevant resided in Pennsylvania.

18. At all times mentioned in this complaint Defendants were attempting to collect a consumer debt from Plaintiff which was primarily for Plaintiff's personal family and household purposes.

19. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

20. LVNV is a debt collector as defined by 15 U.S.C. 1692a of the FDCPA.

21. LVNV is an entity that at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

22. At the time LVNV attempted to collect the Debt from Plaintiff, the Debt was alleged to be in default, or LVNV treated the Debt as if it were in default from the time that LVNV acquired it for collection.

23. LVNV uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, or to regularly collect or attempt to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

24. The account Defendants were attempting to collect on was a consumer credit account with Credit One Bank, N.A.

25. Said account was a consumer account which intended use was for Plaintiff's Personal and household purposes

26. Said account was later determined to be in default by Credit One Bank, N.A.

27. Shortly after Credit One Bank, N.A. determined that the account was in default, they contracted with LVNV to service the account as a debt collector as defined by 15 U.S.C 1692a of the FDCPA.

28. Prior to the commencement of this action, LVNV caused written communication(s) to be sent to Plaintiff in connection with the collection of the account.

29. Upon information and belief, the letter was generated by the letter vendor, RCS.

30. The letter bears markings which indicate that the letter was generated and printed by the letter vendor RCS which was not LVNV.

31. One or more public court filings indicates that Defendant uses a letter vendor for its collection letters to consumers.

32. In order to have the letter vendor send Plaintiff the letter, LVNV had to furnish the letter vendor with Plaintiff's name and address, the status of the Plaintiff as a debtor, details of Plaintiff's alleged debt, and other personal information.

33. The letter vendor then populated some or all of this information into a prewritten template, printed, and mailed the letter to Plaintiff.

34. The FDCPA defines "communication" at 15 U.S.C. § 1692a(3) as "the conveying of information regarding the debt directly or indirectly to any person through any medium."

35. The sending of an electronic file containing information about Plaintiff's purported debt to a letter vendor is therefore a communication.

36. The communication(s) to the letter vendor by LVNV was in connection with the collection of a debt since it involved disclosure of the debt to a third-party with the objective being communication with and motivation of the consumer to pay the alleged debt.

37. The communication(s) to the letter vendor disclosed the following things about the Plaintiff and the alleged debt:

   a. The balance of the alleged debt.

   b. The alleged delinquency status of the alleged debt.

   c. The creditor to whom LVNV alleged the debt was owed.

d.   The account number for the alleged debt.

e.   Plaintiff's name.

f.   Plaintiff's home address.

g.   That Defendants were debt collectors attempting to collect a debt from Plaintiff.

38. Plaintiff did not provide consent to LVNV to communicate or share any information about the debt with the third party-letter vendor or any other third-party mail vendor.

39. Upon information and belief, LVNV did not print the letters sent to Plaintiff about the account which is the subject of this case.  The third-party letter vendor printed and sent the letters communication(s) to Plaintiff, using the above information supplied by LVNV.

40. The Consumer Financial Protection Bureau ("CFPB") is a federal agency tasked with enforcing the FDCPA.

41. Pertinent here, section 1692c(b) of the FDCPA, titled "communication with third parties," provides that – except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector. 15 U.S.C. § 1692c(b) (emphasis added).

42. The provision that section 1692c(b) cross-references -section 1692b – governs the manner in which a debt collector may communicate " with any person other than the consumer for the purpose of acquiring location information."  15 U.S.C. §1692b.

43. The FDCPA thus broadly prohibits a debt collector from communicating with anyone other than the consumer "in connection with the collection of any debt," subject to several carefully crafted exceptions – some enumerated in section 1692c(b), and others in section 1692b – none of which are applicable here.

44. Despite this prohibition – one designated to protect consumers' privacy – debt collectors, including LVNV, often send information regarding consumers' alleged debts to third party letter vendors.

45. The CFPB once conducted a survey.  The survey indicated that "over 85 percent of debt collectors surveyed by the [CFPB] reported using letter vendors." See http://www.federalregister.gov/documents/2019/05/21/2019-09665/debt-collectionpractices-regulation-f#citation-749-p23396 at n. 749

46. These third-party letter vendors use information provided by debt collectors – such as the consumer's name and address, the name of the creditor to whom the debt is allegedly owed, the name of the original creditor, and the amount of the alleged debt – to fashion, print, and mail debt collection letters to consumers.

47. This unnecessary and illegal practice exposes private information regarding alleged debts to third parties not exempted by the FDCPA.

48. Upon information and belief, defendant routinely communicates with, and provides protected information regarding consumer debts to, third-party letter vendors, in connection with the collection of a debt, which are not authorized to receive such information, in violation of the FDCPA.

49. Pertinent here, the FDCPA at 15 U.S.C. § 1692c(b) provides that "a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

50. By communicating regarding the debt, including by disclosing, among other things, the existence of the debt, the amount owed, the alleged creditor, and Plaintiff's name and address, with a third-party mail vendor, LVNV violated 15 U.S.C. 1692c(b).  See *Hunstein v. Preferred Collection & Mgmt. Servs., Inc.*, --- F.3d ---, 2021 WL 1556069 (11th Cir. Apr. 21, 2021); See also *Alina Khimmat v Weltman, Weinberg and Reis co., LPA*, United States District Court for the East District of Pennsylvania, 21-cv-02944-JDW, February 7, 2022.

51. The harm suffered by Plaintiff is particularized in that illegal communication related to his personal alleged debt.

52. The violation of Plaintiff's right not to have Plaintiff's private information shared with third parties is a concrete injury sufficient to confer standing.

53. To be sure, the harm Plaintiff alleges here – disclosure of private information of a personal, sensitive nature to third-party vendors – is precisely the type of abusive debt

collection practice the FDCPA was designed to prevent.  See 15 U.S.C. § 1692(a)

("Abusive debt collection practices contribute to the number of personal bankruptcies, to

marital instability, to the loss of jobs, **and to invasions of individual privacy**."

(emphasis added.)

54. Additionally, by communicating with a third-party in connection with the collection of

the debt, LVNV harmed Plaintiff by invading Plaintiff's privacy.

55. By communicating with a third-party in connection with the collection of the debt,

LVNV harmed Plaintiff by disclosing private facts about Plaintiff and the debt.

56. LVNV breached its duties under the FDCPA through its failure to keep Plaintiff's

personal financial information confidential and therefore intruded upon Plaintiff's

privacy interests. See *Todd v. Collecto, Inc.*, 731 F.3d 734, 738 (7th Cri. 2013)

## LIABILITY

57. All previous paragraphs of this complaint are incorporated by reference.

58. LVNV is liable for the acts committed by its agents under the doctrine of respondent

superior because Defendant(s)' agents were acting within the scope of their employment

with LVNV.

59. In the alternative, LVNV is liable for the conduct of its agents/employees under the

theory of joint and several liability because Defendant and its agents/employees were

engaged in a joint venture and were acting jointly and in concert.

60. Plaintiff reserves the right to pierce the corporate veil under the doctrine of under-capitalization.

61. Plaintiff reserves the right to pierce the corporate veil under the doctrine of alter ego.

62. Any mistake made by LVNV would have included a mistake of law.

63. Any mistake made by LVNV would not have been a reasonable or bona fide mistake.

64. At all times various employees and / or agents of Defendant were acting as agents of Defendant, and therefore Defendant is liable to for the acts committed by its agents and / or employees under the doctrine of respondeat superior. See Moses  v. Law Office of Harrison Ross Byck, P.C. and CACH, LLC, United Stated District Court for the Middle District of Pennsylvania, 08 cv 1939, Aug. 4, 2009; also see Martsolf, v. JBC Legal Group, P.C., and Outsource Recovery Management, U.S. District Court for the Middle District of Pennsylvania, 04-CV-1346, 2008.

65. At all times various employees and / or agents of Defendant were acting as agents of Defendant, and therefore Defendant is liable to Plaintiff for the acts committed by its agents and / or employees under the theory of joint and several liability because Defendant and its agents were engaged in a common business venture and were acting jointly and in concert.  See Moses  v. Law Office of Harrison Ross Byck, P.C. and CACH, LLC, United Stated District Court for the Middle District of Pennsylvania, 08 cv 1939, Aug. 4, 2009; also see Martsolf, v. JBC Legal Group, P.C., and Outsource Recovery Management, U.S. District Court for the Middle District of Pennsylvania, 04-CV-1346, 2008.

## DAMAGES

66. The previous paragraphs of this Complaint are incorporated by reference and made a part of this Complaint.

67. Plaintiff demands $1,000 actual damages at least for phone, fax, lost time, etc.

68. Plaintiff demands $1,000 statutory damages under the FDCPA 15 USC 1692k.,

## ATTORNEY FEE

69. The previous paragraphs of this Complaint are incorporated by reference and made a part of this Complaint.

70. Plaintiff believes and avers that Plaintiff is entitled to reasonable attorney fees for prosecuting this action.

71. Plaintiff believes and avers that such reasonable attorney fee amount to no less than $2,500 at a rate of $500.00 per hour. Services include but not limited to the following.

   a. Consultation with client, review of file                              .5
   b. Drafting, editing, review, filing and services
      of complaint and related documents                                    2

   c.   Follow up with Defense and client                         2.5

_____

5 x $500 per hour = $2,500

72. Plaintiff's attorney's fees continue to accrue as the case moves forward.

73. The above referenced attorney fees represent current fees as well as estimated reasonable future follow up.

## OTHER RELIEF

74. The previous paragraphs of this complaint are incorporated by reference and made a part of this Complaint.

75. Plaintiff also seeks an injunction against further unlawful collection activity.

76. Plaintiff seeks declaratory relief barring Defendant from further unlawful collection activity.

77. Plaintiff seeks such other relief as this Honorable Court may deem just and proper.

78. Plaintiff specifically requests/demands a jury trial in this matter.

**WHEREFORE**, Plaintiff demands judgment against defendant in the amount of $3,500, actual damages, statutory damages, attorney's fees.  Plaintiff also seeks declaratory and injunctive relief, and such other relief as this Honorable Court may deem appropriate.

Date: _____05/3/2022_____

_____
SHANE L. WEAVER, ESQ.
ID#206486
33 Robin Hood Drive
Etters, PA 17319
717-938-5001
compliance@shaneweaverlaw.com
Attorney for Plaintiff

# EXHIBIT

## A

# Magisterial District Judge 45-1-08

## DOCKET



Docket Number: MJ-45108-CV-0000094-2021

# Civil Docket

LVNV Funding LLC
v.
Khalid  Fuller

Page 1 of 2

## CASE INFORMATION

| | | | |
|---|---|---|---|
| Judge Assigned: | Magisterial District Judge John P. Pesota | File Date: | 04/29/2021 |
| Claim Amount: | $1,019.62 | Case Status: | Closed |
| Judgment Amount: | | County: | Lackawanna |

## CALENDAR EVENTS

| Case Calendar Event Type | Schedule Start Date | Start Time | Room | Judge Name | Schedule Status |
|---|---|---|---|---|---|
| Civil Action Hearing | 06/03/2021 | 1:00 pm | | Magisterial District Judge John P. Pesota | Continued |
| Civil Action Hearing | 06/23/2021 | 3:00 pm | | Magisterial District Judge John P. Pesota | Scheduled |

## CASE PARTICIPANTS

| Participant Type | Participant Name | Address |
|---|---|---|
| Defendant | Fuller, Khalid | Olyphant, PA 18447 |
| Plaintiff | LVNV Funding LLC | Greenville, SC 29603 |

## DISPOSITION SUMMARY

| Docket Number | Plaintiff | Defendant | Disposition | Disposition Date |
|---|---|---|---|---|
| MJ-45108-CV-0000094-2021 | LVNV Funding LLC | Khalid Fuller | Judgment for Defendant | 06/23/2021 |

## ATTORNEY INFORMATION

**Private**

Name:  Ian Zev Winograd, Esq.

Representing:  LVNV Funding LLC

Counsel Status:  Active - Entry of Appearance

Supreme Court No.:  317465

Phone No.:  973-753-5100

Address:       Pressler, Felt And Warshaw, LLP
7 Entin Road
Parsippany, NJ  07054-5020

Entry of Appearance Filed Dt:  04/29/2021

Withdrawal of Entry of Appearance Filed Dt:

**Private**

Name:  Shane L. Weaver, Esq.

Representing:  Fuller, Khalid

Counsel Status:  Active - Entry of Appearance

Supreme Court No.:  206486

Phone No.:  717-938-5001

Address:       33 Robin Hood Dr
Etters, PA  17319

Entry of Appearance Filed Dt:  05/12/2021

Withdrawal of Entry of Appearance Filed Dt:

Printed: 07/06/2021   4:59 pm

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assumes any liability for inaccurate or delayed data , errors or omissions on these docket sheets.  You should verify that the information is accurate and current by personally consulting the official record reposing in the court wherein the record is maintained.

# Magisterial District Judge 45-1-08

## DOCKET

Docket Number: MJ-45108-CV-0000094-2021

## Civil Docket



LVNV Funding LLC
v.
Khalid  Fuller

Page 2 of 2

### DOCKET ENTRY INFORMATION

| Filed Date | Entry | Filer | Applies To |
| --- | --- | --- | --- |
| 06/23/2021 | Judgment for Defendant | Magisterial District Court 45-1-08 | Khalid Fuller, Defendant |
| 05/12/2021 | Entry of Appearance Filed | Shane L. Weaver, Esq. | Khalid Fuller, Defendant |
| 05/12/2021 | Intent to Defend Filed | Khalid Fuller | Khalid Fuller, Defendant |
| 05/06/2021 | Certified Civil Complaint Accepted | Magisterial District Court 45-1-08 | Khalid Fuller, Defendant |
| 04/29/2021 | Certified Civil Complaint Issued | Magisterial District Court 45-1-08 | Khalid Fuller, Defendant |
| 04/29/2021 | Entry of Appearance Filed | Ian Zev Winograd, Esq. | LVNV Funding LLC, Plaintiff |
| 04/29/2021 | Civil Complaint Filed | LVNV Funding LLC | |

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assumes any liability for inaccurate or delayed data , errors or omissions on these docket sheets.  You should verify that the information is accurate and current by personally consulting the official record reposing in the court wherein the record is maintained.

# EXHIBIT

# B

PO Box 510090
Livonia MI 48151-6090





RESURGENT
*Capital Services*

PE5YU900301540

KHALID FULLER
624 E SCOTT ST APT 3
OLYPHANT, PA 18447-1965

| |
| --- |
| Account Number: *************9328 |
| Original Creditor: Credit One Bank, N.A. |
| Current Owner: LVNV Funding LLC |
| Reference ID: 686093040 |
| Balance: $1,019.62 |
| Accountholder Name: Khalid Fuller |

May 27, 2021

Dear Khalid Fuller,

Resurgent Capital Services L.P. manages the above referenced account for LVNV Funding LLC and has initiated a review of the inquiry recently received either directly or from Pressler, Felt & Warshaw, the current servicer of this account.

For further assistance, please contact one of our Customer Service Representatives toll-free at 1-866-464-1187.

Sincerely,

Customer Service Department
Resurgent Capital Services L.P.

### Please read the following important notices as they may affect your rights.

Unless you notify us within 30 days after receiving this notice that you dispute the validity of this debt, or any portion of it, we will assume this debt is valid. If you notify us in writing within 30 days after receiving this notice that you dispute the validity of this debt, or any portion of it, we will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of us in writing, within 30 days after receiving this notice, we will provide you with the name and address of the original creditor, if different from the current creditor.

This is an attempt to collect a debt and any information obtained will be used for that purpose. This communication is from a debt collector.

        

| *Hours of Operation* | *Address* | *Contact Numbers* | *Customer Portal* |
| --- | --- | --- | --- |
| 8:00AM-9:00PM EST | PO Box 10497 | Toll Free Phone | Portal.Resurgent.com |
| Monday - Thursday | Greenville, SC 29603-0497 | 1-866-464-1187 | |
| 8:00AM-7:00PM EST | | Toll Free Fax | |
| Friday | | 1-866-467-0960 | |
| 9:00AM-5:00PM EST | | | |
| Saturday - Sunday | | | |

15254345-INITIAL-CS

## VERIFICATION

I, Khalid Fuller verify that the statements contained in the foregoing pleading are true and correct to the best of my knowledge, information, and belief.  I understand that false statements therein are made subject to penalties of 18 PA. C.S. § 4904, relating to unsworn falsification to authorities.

May 2, 2022

DATE: _____

BY: _Khalid Fuller_

Khalid Fuller (May 2, 2022 22:30 EDT)

Khalid Fuller

Shane L. Weaver, Esq.
ID#206486
33 Robin Hood Drive
Etters, PA 17319
717-938-5001
compliance@shaneweaverlaw.com
Attorney for Plaintiff

IN THE COURT OF COMMON PLEAS OF LACKAWANNA COUNTY,
PENNSYLVANIA CIVIL ACTION – LAW

| | | |
|---|---|---|
| KHALID FULLER | : | |
| C/O SHANE WEAVER LAW, LLC | : | |
| PLAINTIFF | : | |
| | : | |
| V. | : | |
| RESURGENT CAPITAL SERVICES, L.P. | : | JURY TRIAL DEMANDED |
| C/O MESSER, STRICKLER BURNETTE, LP | : | |
| AND | : | |
| LVNV FUNDING, LLC | : | |
| C/O MESSER, STRICKLER BURNETTE, LP | : | 2022-CV-619 |
| DEFENDANTS | : | |

**CERTIFICATION OF SERVICE**

TO THE PROTHONOTARY:

Shane L. Weaver, Esq., Attorney for Defendant herein, certifies to the Court that a true and correct copy of Plaintiff's Complaint was mailed via regular mail and emailed on May 3, 2022 to the Plaintiff's Attorney at the address below:

LAUREN M. BURNETTE, ESQ.
MESSER STRICKLER BURNETTE, LTD.
12276 SAN JOSE BLVD., STE 718
JACKSONVILLE, FL 32223
lburnette@messerstrickler.com

05/3/2022

Date: _____

_____

SHANE L. WEAVER, ESQ.
Attorney for Plaintiff

## PUBLIC ACCESS POLICY CERTIFICATION

I certify that this filing complies with the provisions of the *Case Records Public Access Policy of the Unified Judicial System of Pennsylvania* that requires filing confidential information and documents differently than non-confidential information and documents.

_____

Attorney for Plaintiff
Shane L. Weaver, Esq.
Attorney ID: 206486
33 Robin Hood Drive.
Etters, PA 17319
717-938-5001
compliance@shaneweaverlaw.com