IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KHALID FULLER                                    :
     PLAINTIFF          :
          :  3:22-cv-00858
v.                                               :
LVNV FUNDING, LLC                                :
AND                                              :
RESURGENT CAPITAL SERVICES, L.P.                 :
     DEFENDANTS         :

**<u>AMENDED COMPLAINT</u>**

1. This is an action brought by an individual consumer for Defendants(s)'s violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter "FDCPA").

2. Plaintiff is Khalid Fuller, an adult induvial, resident of Olyphant, Pennsylvania with an address of C/O Shane Weaver Law, LLC, 33 Robin Hood Drive, Etters, PA. 17319.

3. Defendants are LVNV Funding LLC (hereinafter "LVNV"), a business entity whose principal place of business address is 6801 S. Cimarron Road, Suite 424-J, Las Vegas, NV 89113, and Resurgent Capital Services, L.P. (hereinafter "RCS"), a business entity whose principal place of business address is 55 Beattie Pl., STE 110, Greenville, SC 29601.

4. LVNV is a "debt collector," as defined by 15 U.S.C. § 1692a(6).

5. Defendants regularly conduct business in this jurisdiction and avail themselves of the benefits of this jurisdiction.

6. Plaintiff is a key witness and is located in this jurisdiction.

7.  Upon information and belief, similarly situated consumers who may be witnesses in this case are located in this jurisdiction.

8.  A substantial portion of the transaction(s), occurrence(s), act(s), or omission(s) took place in this jurisdiction.

9.  This Court has jurisdiction under 15 U.S.C. § 1692K(d) and 28 U.S.C § 1331-1337 et. seq.

10. Venue is proper before this court as a substantial part of the events giving rise to Plaintiff's claims occurred in this jurisdiction.

**COUNT ONE:  Violation of Fair Debt Collection Practices Act (FDCPA)**
**(15 USC § 1692c et. seq.)**
**Unauthorized Disclosure to Third Party Letter Vendor**

**"Hunstein Violation"**

11. The previous Paragraphs of this complaint are incorporated by reference.

12. Plaintiff is a natural person who at all times relevant resided in Pennsylvania.

13. At all times mentioned in this Amended Complaint Defendants were attempting to collect a consumer debt from Plaintiff which was primarily for Plaintiff's personal family and household purposes.

14. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

15. At all times mentioned in this Amended Complaint Defendants LVNV is a debt collector as defined 15 U.S.C. § 1692a of the FDCPA.

16. LVNV is an entity that at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

17. At the times mention in this Amended Complaint LVNV was attempting to collect a consumer debt from Plaintiff, stemming from Plaintiff's household and family use.

18. The Debt was alleged to be in default, or LVNV treated the Debt as if it were in default from the time that LVNV acquired it for collection.

19. LVNV regularly uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, or to regularly collect or attempt to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

20. At all times mentioned in this Amended Complaint RCS was a debt collector as defined by 15 U.S.C. §1692a of the FDCPA.

21. Defendant RCS. is an entity that at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

22. At all times mentioned in the Complaint Defendant RCS was attempting to collect a consumer debt from Plaintiff, stemming from Plaintiff's household and family use. In so doing, RCS was acting on behalf of Defendant LVNV who claimed to own the alleged debt.

23. Defendant RCS regularly uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, or to regularly collect or attempt to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, or asserted to be owed or due, another.

24. Prior to the commencement of this lawsuit, Plaintiff had a consumer credit account with Credit One Bank, N.A.

25. Said account was a consumer account which intended use was for Plaintiff's Personal and household purposes.

26. Said account was later determined to be in default by Credit One Bank, N.A.

27. Shortly after Credit One Bank N.A. determined that the account was in default, Credit One Bank, N.A. purportedly assigned the account to LVNV. LVNV purportedly became the new owner of the account.

28. Prior to the commencement of this action, RCS caused written communication(s) to be sent to Plaintiff's counsel on behalf of LVNV in connection with the collection of the account which is the subject matter of this case.

29. Upon information and belief, the letter was generated by the letter vendor.

30. The letter bears markings which indicate that the letter was generated and printed by a letter vendor which is not RCS or LVNV.

31. One or more public court filings indicates that Defendant uses a letter vendor for its collection letters to consumers.

32. In order to have the letter vendor send Plaintiff the letters, LVNV had to furnish the letter vendor with Plaintiff's name and address, the status of the Plaintiff as a debtor, details of Plaintiff's alleged debt, and other personal information.

33. The letter vendor then populated some or all of this information into a prewritten template, printed, and mailed the letter to Plaintiff.

34. The FDCPA defines "communication" at 15 U.S.C. § 1692a(3) as "the conveying of information regarding the debt directly or indirectly to any person through any medium."

35. The sending of an electronic file containing information about Plaintiff's purported debt to a letter vendor is therefore a communication.

36. The communication(s) to the letter vendor by LVNV was in connection with the collection of a debt since it involved disclosure of the debt to a third-party with the objective being communication with and motivation of the consumer to pay the alleged debt.

37. The communication(s) to the letter vendor disclosed the following things about the Plaintiff and the alleged debt:

    a.  The balance of the alleged debt.

    b.  The alleged delinquency status of the alleged debt.

    c.  The creditor to whom LVNV alleged the debt was owed.

    d.  The account number for the alleged debt.

    e.  Plaintiff's name.

    f.  Plaintiff's home address.

    g.  That LVNV was a debt collector attempting to collect a debt from Plaintiff.

38. Plaintiff did not provide consent to LVNV to communicate or share any information about the debt with the third party-letter vendor or any other third-party mail vendor.

39. Upon information and belief, LVNV did not print the letters sent to Plaintiff about the account which is the subject of this case.  The third-party letter vendor printed and sent the letters communication(s) to Plaintiff, using the above information supplied by LVNV.

40. The Consumer Financial Protection Bureau ("CFPB") is a federal agency tasked with enforcing the FDCPA.

41. Pertinent here, section 1692c(b) of the FDCPA, titled "communication with third parties," provides that – except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector. 15 U.S.C. § 1692c(b) (emphasis added).

42. The provision that section 1692c(b) cross-references -section 1692b – governs the manner in which a debt collector may communicate "with any person other than the consumer for the purpose of acquiring location information."  15 U.S.C. § 1692b.

43. The FDCPA thus broadly prohibits a debt collector from communicating with anyone other than the consumer "in connection with the collection of any debt," subject to several carefully crafted exceptions – some enumerated in section §1692c(b), and others in section §1692b – none of which are applicable here.

44. Despite this prohibition – one designated to protect consumers' privacy – debt collectors, including LVNV, often send information regarding consumers' alleged debts to third party letter vendors.

45. The CFPB once conducted a survey.  The survey indicated that "over 85 percent of debt collectors surveyed by the [CFPB] reported using letter vendors." See http://www.federalregister.gov/documents/2019/05/21/2019-09665/debt-collectionpractices-regulation-f#citation-749-p23396 at n. 749

46. These third-party letter vendors use information provided by debt collectors – such as the consumer's name and address, the name of the creditor to whom the debt is allegedly owed, the name of the original creditor, and the amount of the alleged debt – to fashion, print, and mail debt collection letters to consumers.

47. This unnecessary and illegal practice exposes private information regarding alleged debts to third parties not exempted by the FDCPA.

48. Upon information and belief, defendant routinely communicates with, and provides protected information regarding consumer debts to, third-party letter vendors, in connection with the collection of a debt, which are not authorized to receive such information, in violation of the FDCPA.

49. Pertinent here, the FDCPA at 15 U.S.C. § 1692c(b) provides that "a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

50. By communicating regarding the debt, including by disclosing, among other things, the existence of the debt, the amount owed, the alleged creditor, and Plaintiff's name and address, with a third-party mail vendor, LVNV violated 15 U.S.C. 1692c(b).  See *Hunstein v. Preferred Collection & Mgmt. Servs., Inc.*, --- F.3d ---, 2021 WL 1556069 (11th Cir. Apr. 21, 2021); See also *Alina Khimmat v Weltman, Weinberg and Reis co., LPA*, United States District Court for the East District of Pennsylvania, 21-cv-02944-JDW, February 7, 2022.

51. The harm suffered by Plaintiff is particularized in that illegal communication related to his personal alleged debt.

52. The violation of Plaintiff's right not to have Plaintiff's private information shared with third parties is a concrete injury sufficient to confer standing.

53. To be sure, the harm Plaintiff alleges here – disclosure of private information of a personal, sensitive nature to third-party vendors – is precisely the type of abusive debt

collection practice the FDCPA was designed to prevent.  See 15 U.S.C. § 1692(a)

("Abusive debt collection practices contribute to the number of personal bankruptcies, to

marital instability, to the loss of jobs, **and to invasions of individual privacy**."

(emphasis added.)

54. Additionally, by communicating with a third-party in connection with the collection of

the debt, LVNV harmed Plaintiff by invading Plaintiff's privacy.

55. By communicating with a third-party in connection with the collection of the debt,

LVNV harmed Plaintiff by disclosing private facts about Plaintiff and the debt.

56. LVNV breached its duties under the FDCPA through its failure to keep Plaintiff's

personal financial information confidential and therefore intruded upon Plaintiff's

privacy interests. See _Todd v. Collecto, Inc._, 731 F.3d 734, 738 (7th Cri. 2013)

### LIABILITY

57. All previous paragraphs of this Amended Complaint are incorporated by reference.

58. LVNV is liable for the acts committed by its agents under the doctrine of respondent

superior because Defendant(s)' agents were acting within the scope of their employment

with LVNV.

59. In the alternative, LVNV is liable for the conduct of its agents/employees under the

theory of joint and several liability because Defendant and its agents/employees were

engaged in a joint venture and were acting jointly and in concert.

60. Plaintiff reserves the right to pierce the corporate veil under the doctrine of under-capitalization.

61. Plaintiff reserves the right to pierce the corporate veil under the doctrine of alter ego.

62. Any mistake made by LVNV would have included a mistake of law.

63. Any mistake made by LVNV would not have been a reasonable or bona fide mistake.

64. At all times various employees and / or agents of Defendant were acting as agents of Defendant, and therefore Defendant is liable to for the acts committed by its agents and / or employees under the doctrine of respondent superior. See Moses v. Law Office of Harrison Ross Byck, P.C. and CACH, LLC, United Stated District Court for the Middle District of Pennsylvania, 08 cv 1939, Aug. 4, 2009; also see Martsolf, v. JBC Legal Group, P.C., and Outsource Recovery Management, U.S. District Court for the Middle District of Pennsylvania, 04-CV-1346, 2008.

65. At all times various employees and / or agents of Defendant were acting as agents of Defendant, and therefore Defendant is liable to Plaintiff for the acts committed by its agents and / or employees under the theory of joint and several liability because Defendant and its agents were engaged in a common business venture and were acting jointly and in concert.  See Moses  v. Law Office of Harrison Ross Byck, P.C. and CACH, LLC, United Stated District Court for the Middle District of Pennsylvania, 08 cv 1939, Aug. 4, 2009; also see Martsolf, v. JBC Legal Group, P.C., and Outsource Recovery Management, U.S. District Court for the Middle District of Pennsylvania, 04-CV-1346, 2008.

**DAMAGES**

66. The previous paragraphs of this Complaint are incorporated by reference and made a part of this Complaint.

67. Plaintiff demands $1,000 actual damages at least for phone, fax, lost time, etc.

68. Plaintiff demands $1,000 statutory damages under the FDCPA 15 U.S.C. §1692k.,

**ATTORNEY FEE**

69. The previous paragraphs of this Complaint are incorporated by reference and made a part of this Amended Complaint.

70. Plaintiff believes and avers that Plaintiff is entitled to reasonable attorney fees for prosecuting this action.

71. Plaintiff believes and avers that such reasonable attorney fee amount to no less than $2,500 at a rate of $500.00 per hour. Services include but not limited to the following.

    a. Consultation with client, review of file         .5

    b. Drafting, editing, review, filing and services
of complaint and related documents         2

    c. Follow up with Defense and client         2.5

                                        _____

5 x $500 per hour = $2,500

72. Plaintiff's attorney's fees continue to accrue as the case moves forward.

73. The above referenced attorney fees represent current fees as well as estimated reasonable future follow up.

## OTHER RELIEF

74. The previous paragraphs of this complaint are incorporated by reference and made a part of this Amended Complaint.

75. Plaintiff also seeks an injunction against further unlawful collection activity.

76. Plaintiff seeks declaratory relief barring Defendant from further unlawful collection activity.

77. Plaintiff seeks such other relief as this Honorable Court may deem just and proper.

78. Plaintiff specifically requests/demands a jury trial in this matter.

**WHEREFORE**, Plaintiff demands judgment against defendant in the amount of $3,500, actual damages, statutory damages, attorney's fees.  Plaintiff also seeks declaratory and injunctive relief, and such other relief as this Honorable Court may deem appropriate.

Date: 07/06/2022 _____

SHANE L. WEAVER, ESQ.
ID#206486
33 Robin Hood Drive
Etters, PA 17319
717-938-5001
compliance@shaneweaverlaw.com
Attorney for Plaintiff